Filing # 70257161 E-Filed 04/04/2018 04:59:25 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

JAMES HAITZ, an individual,
KAREN HAITZ, an individual,
ZACHARY HAITZ, an individual,
and CHRISTIAN HAITZ, an individual.
Plaintiffs,

v.

GEICO GENERAL INSURANCE COMPANY, a foreign corporation,
STARR INDEMNITY AND LIABILITY COMPANY, a foreign corporation.
Defendants.
_______________________________/

Case No.: 18-CA-003091
Division: G

8:18CV1147-T-33AEP

COMPLAINT

Plaintiffs, JAMES HAITZ, KAREN HAITZ, ZACHARY HAITZ, and CHRISTIAN HAITZ, sue Defendants, STARR INDEMNITY AND LIABILITY COMPANY and GEICO GENERAL INSURANCE COMPANY, and allege the following:

1. This is an action for damages that exceeds $15,000.00 per individual plaintiff.

2. The Plaintiff, JAMES HAITZ, (hereinafter referred to as "J. HAITZ"), was at all times material hereto a resident of Hillsborough County, Florida.

3. The Plaintiff, KAREN HAITZ, (hereinafter referred to as "K. HAITZ"), was at all times material hereto a resident of Hillsborough County, Florida.

4. The Plaintiff, ZACHARY HAITZ, (hereinafter referred to as "Z. HAITZ"), was at all times material hereto a resident of Hillsborough County, Florida.

5. The Plaintiff, CHRISTIAN HAITZ, (hereinafter referred to as "C. HAITZ"), was at all times material hereto a resident of Hillsborough County, Florida.

6. The Defendant, STARR INDEMNITY AND LIABILITY COMPANY, (hereinafter referred to as "STARR"), was at all times material hereto, a Foreign Corporation operating as an insurance company, licensed to do business in the State of Florida, and conducting substantial business in Hillsborough County, Florida.

7. STARR provided uninsured/underinsured coverage in the amount of $1,000,000.00, combined single limits, on the vehicle plaintiffs J. HAITZ, Z. HAITZ, and C. HAITZ were traveling in at the time of the accident described in this complaint.

8. The Defendant, GEICO GENERAL INSURANCE COMPANY, (hereinafter referred to as "GEICO"), was at all times material hereto, a Foreign Corporation operating as an insurance company, licensed to do business in the State of Florida, and conducting substantial business in Hillsborough County, Florida.

9. GEICO provided uninsured/underinsured coverages in the amount of $100,000.00 per person, $300,000.00 per accident, stacked on three vehicles the Plaintiffs had insured with GEICO, for a total of $300,000.00 per person, $900,000.00 per accident.

10. The events underlying the allegations stated in this Complaint all occurred in Hillsborough County, Florida, and venue is proper in Hillsborough County pursuant to Chapter 47 of the Florida Statutes.

**COUNT I**
**(JAMES HAITZ UNDERINSURED MOTORIST CLAIM AGAINST STARR INDEMNITY AND LIABILITY COMPANY)**

11. Plaintiff "J. HAITZ" realleges paragraphs 1 through 10 as though fully set forth herein.

12. On January 16, 2017, ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough

County, Florida.

13. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with Plaintiff J. HAITZ'S motor vehicle.

14. As a result, the Plaintiff J. HAITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

15. At the time of the subject collision described above, the Defendant, STARR, insured the Plaintiff, J. HAITZ, with a policy of uninsured/underinsured motor vehicle insurance (UM Insurance). See the Insurance Declaration Page and applicable UM provisions of the policy attached as Exhibit "A"

16. Pursuant to the terms of the above described policy for UM Insurance, Defendant, STARR agreed to pay all or any part of damages for bodily injury to Plaintiff as a result of the subject collision, which Plaintiff cannot otherwise collect because the person responsible, WAGNER, is uninsured or underinsured.

17. Plaintiff, J. HAITZ, is entitled to recover UM insurance benefits from Defendant, STARR, for injuries he incurred from the subject collision because the value of his claim exceeds the available bodily injury insurance limits of the tortfeasor, WAGNER.

18. As a condition precedent to the filing of this claim, the Plaintiff sought permission from the Defendant STARR requesting to settle with defendant WAGNER's insurance carrier, for their bodily injury liability limits. STARR did not respond to the request for permission to settle with WAGNER for her policy limits, nor did they pay the Plaintiff the amount of the

written offer from WAGNER'S liability insurer. All other conditions precedent for filing this lawsuit have been performed.

WHEREFORE, Plaintiff, JAMES HAITZ, demands judgment for damages against Defendant, STARR INDEMNITY AND LIABILITY COMPANY, for applicable UM insurance benefits, costs of this action, prejudgment interest and attorney's fees as may be applicable, postjudgment interest and trial by jury.

**COUNT II**
**(ZACHARY HAITZ UNDERINSURED MOTORIST CLAIM AGAINST STARR INDEMNITY AND LIABILITY COMPANY)**

19. Plaintiff "Z. HAITZ" realleges paragraphs 1 through 10 as though fully set forth herein.

20. On January 16, 2017, ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough County, Florida.

21. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with the motor vehicle in which Z. HAITZ was a passenger.

22. As a result, the Plaintiff Z. HAITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

23. At the time of the subject collision described above, the Defendant, STARR, insured the Plaintiff, Z. HAITZ, with a policy of uninsured/underinsured motor vehicle insurance (UM

Insurance). See the Insurance Declaration Page and applicable UM provisions of the policy attached as Exhibit "A"

24. Pursuant to the terms of the above described policy for UM Insurance, Defendant, STARR agreed to pay all or any part of damages for bodily injury to Plaintiff as a result of the subject collision, which Plaintiff cannot otherwise collect because the person responsible, WAGNER, is uninsured or underinsured.

25. Plaintiff, Z. HAITZ, is entitled to recover UM insurance benefits from Defendant, STARR, for injuries he incurred from the subject collision because the value of his claim exceeds the available bodily injury insurance limits of the tortfeasor, WAGNER.

26. As a condition precedent to the filing of this claim, the Plaintiff sought permission from the Defendant STARR requesting to settle with defendant WAGNER's insurance carrier, for their bodily injury liability limits. STARR did not respond to the request for permission to settle with WAGNER for her policy limits, nor did they pay the Plaintiff the amount of the written offer from WAGNER'S liability insurer. All other conditions precedent for filing this lawsuit have been performed.

WHEREFORE, Plaintiff, ZACHARY HAITZ, demands judgment for damages against Defendant, STARR INDEMNITY AND LIABILITY COMPANY, for applicable UM insurance benefits, costs of this action, prejudgment interest and attorney's fees as may be applicable, postjudgment interest and trial by jury.

## COUNT III
## (CHRISTIAN HAITZ UNDERINSURED MOTORIST CLAIM AGAINST STARR INDEMNITY AND LIABILITY COMPANY)

27. Plaintiff "C. HAITZ" realleges paragraphs 1 through 10 as though fully set forth herein.

28. On January 16, 2017, defendant ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough County, Florida.

29. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with the motor vehicle in which Plaintiff C. HAITZ was a passenger.

30. As a result, the Plaintiff C. HAITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

31. At the time of the subject collision described above, the Defendant, STARR, insured the Plaintiff, C. HAITZ, with a policy of uninsured/underinsured motor vehicle insurance (UM Insurance). See the Insurance Declaration Page and the applicable UM provisions of the policy attached as Exhibit "A"

32. Pursuant to the terms of the above described policy for UM Insurance, Defendant, STARR agreed to pay all or any part of damages for bodily injury to Plaintiff as a result of the subject collision, which Plaintiff cannot otherwise collect because the person responsible, WAGNER, is uninsured or underinsured.

33. Plaintiff, C. HAITZ, is entitled to recover UM insurance benefits from Defendant, STARR, for injuries he incurred from the subject collision because the value of his claim exceeds the available bodily injury insurance limits of the tortfeasor, WAGNER.

34. As a condition precedent to the filing of this claim, the Plaintiff sought permission from the Defendant STARR requesting to settle with defendant WAGNER's insurance carrier,

for their bodily injury liability limits. STARR did not respond to the request for permission to settle with WAGNER for her policy limits, nor did they pay the Plaintiff the amount of the written offer from WAGNER'S liability insurer. All other conditions precedent for filing this lawsuit have been performed.

WHEREFORE, Plaintiff, CHRISTIAN HAITZ, demands judgment for damages against Defendant, STARR INDEMNITY AND LIABILITY COMPANY, for applicable UM insurance benefits, costs of this action, prejudgment interest and attorney's fees as may be applicable, postjudgment interest and trial by jury.

**COUNT IV**
**(KAREN HAITZ UNDERINSURED MOTORIST CLAIM AGAINST STARR INDEMNITY AND LIABILITY COMPANY)**

35. Plaintiff "K. HAITZ" realleges paragraphs 1 through 10 as though fully set forth herein.

36. On January 16, 2017, defendant ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough County, Florida.

37. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with Plaintiff J. HAITZ'S motor vehicle.

38. As a result, the Plaintiff J. HAITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

39. Plaintiff K. HAITZ is the spouse of Plaintiff J. HAITZ and they have been married

since October 19, 1985.

40. As a result of the bodily injuries suffered by J. HAITZ, Plaintiff K. HAITZ suffered the losses of J. HAITZ'S services, comfort, society and attentions in the past and will continue to suffer these losses in the future.

41. At the time of the subject collision described above, the Defendant, STARR, insured the Plaintiffs, J. HAITZ and K. HAITZ, with a policy of uninsured/underinsured motor vehicle insurance (UM Insurance). See the Insurance Declaration Page and the applicable UM provisions of the policy attached as Exhibit "A"

42. Pursuant to the terms of the above described policy for UM Insurance, Defendant, STARR agreed to pay all or any part of damages for bodily injury to Plaintiff as a result of the subject collision, which Plaintiff cannot otherwise collect because the person responsible, WAGNER, is uninsured or underinsured.

43. Plaintiff, K. HAITZ, is entitled to recover UM insurance benefits from Defendant, STARR, for her damages incurred from the subject collision because the value of her and J. HAITZ'S claims exceed the available bodily injury insurance limits of the tortfeasor, WAGNER.

44. As a condition precedent to the filing of this claim, the Plaintiff sought permission from the Defendant STARR requesting to settle with defendant WAGNER's insurance carrier, for their bodily injury liability limits. STARR did not respond to the request for permission to settle with WAGNER for her policy limits, nor did they pay the Plaintiff the amount of the written offer from WAGNER'S liability insurer. All other conditions precedent for filing this lawsuit have been performed.

WHEREFORE, Plaintiff, KAREN HAITZ, demands judgment for damages against Defendant, STARR INDEMNITY AND LIABILITY COMPANY, for applicable UM insurance

benefits, costs of this action, prejudgment interest and attorney's fees as may be applicable, postjudgment interest and trial by jury.

**COUNT V**
**(JAMES HAITZ UNDERINSURED MOTORIST CLAIM AGAINST GEICO GENERAL INSURANCE COMPANY)**

45. Plaintiff "J. HAITZ" realleges paragraphs 1 through 10 as though fully set forth herein.

46. On January 16, 2017, defendant ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough County, Florida.

47. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with Plaintiff J. HAITZ'S motor vehicle.

48. As a result, the Plaintiff J. HAITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

49. At the time of the subject collision described above, the Defendant, GEICO, insured the Plaintiff, J. HAITZ, with a policy of uninsured/underinsured motor vehicle insurance (UM Insurance). See the Insurance Declaration Page and Insurance policy attached as Exhibit "B"

50. Pursuant to the terms of the above described policy for UM Insurance, Defendant, GEICO agreed to pay all or any part of damages for bodily injury to Plaintiff as a result of the subject collision, which Plaintiff cannot otherwise collect because the person responsible, WAGNER, is uninsured or underinsured.

51. Plaintiff, J. HAITZ, is entitled to recover UM insurance benefits from Defendant, GEICO, for injuries he incurred from the subject collision because the value of his claim exceeds the available bodily injury insurance limits of the tortfeasor, WAGNER.

52. As a condition precedent to the filing of this claim, the Plaintiff sought permission from the Defendant GEICO requesting to settle with defendant WAGNER's insurance carrier, for their bodily injury liability limits and GEICO authorized the settlement.

53. All other conditions precedent for filing this lawsuit have been performed.

WHEREFORE, Plaintiff, JAMES HAITZ, demands judgment for damages against Defendant, GEICO GENERAL INSURANCE COMPANY, for applicable UM insurance benefits, costs of this action, prejudgment interest and attorney's fees as may be applicable, postjudgment interest and trial by jury.

**COUNT VI**
**(ZACHARY HAITZ UNDERINSURED MOTORIST CLAIM AGAINST GEICO GENERAL INSURANCE COMPANY)**

54. Plaintiff "Z. HAITZ" realleges paragraphs 1 through 10 as though fully set forth herein.

55. On January 16, 2017, defendant ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough County, Florida.

56. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with the motor vehicle in which Plaintiff Z. HAITZ was a passenger.

57. As a result, the Plaintiff Z. HAITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of

ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

58. At the time of the subject collision described above, the Defendant, GEICO, insured the Plaintiff, Z. HAITZ, with a policy of uninsured/underinsured motor vehicle insurance (UM Insurance). See the Insurance Declaration Page and the Insurance Policy are attached as Exhibit "B"

59. Pursuant to the terms of the above described policy for UM Insurance, Defendant, GEICO agreed to pay all or any part of damages for bodily injury to Plaintiff as a result of the subject collision, which Plaintiff cannot otherwise collect because the person responsible, WAGNER, is uninsured or underinsured.

60. Plaintiff, Z. HAITZ, is entitled to recover UM insurance benefits from Defendant, GEICO, for injuries he incurred from the subject collision because the value of his claim exceeds the available bodily injury insurance limits of the tortfeasor, WAGNER.

61. As a condition precedent to the filing of this claim, the Plaintiff sought permission from the Defendant GEICO requesting to settle with defendant WAGNER's insurance carrier, for their bodily injury liability limits and GEICO authorized the settlement. All other conditions precedent for filing this lawsuit have been performed.

WHEREFORE, Plaintiff, ZACHARY HAITZ, demands judgment for damages against Defendant, GEICO GENERAL INSURANCE COMPANY, for applicable UM insurance benefits, costs of this action, prejudgment interest and attorney's fees as may be applicable, postjudgment interest and trial by jury.

**COUNT VII**
**(CHRISTIAN HAITZ UNDERINSURED MOTORIST CLAIM AGAINST GEICO GENERAL INSURANCE COMPANY)**

62. Plaintiff "C. HAITZ" realleges paragraphs 1 through 10 as though fully set forth herein.

63. On January 16, 2017, defendant ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough County, Florida.

64. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with the motor vehicle in which Plaintiff C. HAITZ was a passenger.

65. As a result, the Plaintiff C. HAITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

66. At the time of the subject collision described above, the Defendant, GEICO, insured the Plaintiff, C. HAITZ, with a policy of uninsured/underinsured motor vehicle insurance (UM Insurance). See the Insurance Declaration Page and Insurance Policy attached as Exhibit "B"

67. Pursuant to the terms of the above described policy for UM Insurance, Defendant, GEICO agreed to pay all or any part of damages for bodily injury to Plaintiff as a result of the subject collision, which Plaintiff cannot otherwise collect because the person responsible, WAGNER, is uninsured or underinsured.

68. Plaintiff, C. HAITZ, is entitled to recover UM insurance benefits from Defendant, GEICO, for injuries he incurred from the subject collision because the value of his claim exceeds

the available bodily injury insurance limits of the tortfeasor, WAGNER.

69. As a condition precedent to the filing of this claim, the Plaintiff sought permission from the Defendant GEICO requesting to settle with defendant WAGNER's insurance carrier, for their bodily injury liability limits and GEICO authorized the settlement. All other conditions precedent for filing this lawsuit have been performed.

WHEREFORE, Plaintiff, CHRISTIAN HAITZ, demands judgment for damages against Defendant, GEICO GENERAL INSURANCE COMPANY, for applicable UM insurance benefits, costs of this action, prejudgment interest and attorney's fees as may be applicable, postjudgment interest and trial by jury.

**COUNT VIII**
**(KAREN HAITZ UNDERINSURED MOTORIST CLAIM AGAINST GEICO GENERAL INSURANCE COMPANY)**

70. Plaintiff "K. HAITZ" realleges paragraphs 1 through 10 as though fully set forth herein.

71. On January 16, 2017, defendant ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough County, Florida.

72. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with Plaintiff J. HAITZ'S motor vehicle.

73. As a result, the Plaintiff J. HAITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

74. Plaintiff K. HAITZ is the spouse of Plaintiff J. HAITZ and they have been married since October 19, 1985.

75. As a result of the bodily injuries suffered by J. HAITZ, Plaintiff K. HAITZ suffered the losses of J. HAITZ'S services, comfort, society and attentions in the past and will continue to suffer these losses in the future.

76. At the time of the subject collision described above, the Defendant, GEICO, insured the Plaintiffs J. HAITZ and K. HAITZ, with a policy of uninsured/underinsured motor vehicle insurance (UM Insurance). See the Insurance Declaration Page and the Insurance Policy attached as Exhibit "B"

77. Pursuant to the terms of the above described policy for UM Insurance, Defendant, GEICO agreed to pay all or any part of damages for bodily injury to Plaintiff as a result of the subject collision, which Plaintiff cannot otherwise collect because the person responsible, WAGNER, is uninsured or underinsured.

78. Plaintiff, K. HAITZ, is entitled to recover UM insurance benefits from Defendant, GEICO, for her damages she incurred from the subject collision because the value of her and J. HAITZ's claims exceed the available bodily injury insurance limits of the tortfeasor, WAGNER.

79. As a condition precedent to the filing of this claim, the Plaintiff sought permission from the Defendant GEICO requesting to settle with defendant WAGNER's insurance carrier, for their bodily injury liability limits and GEICO authorized the settlement. All other conditions precedent for filing this lawsuit have been performed.

WHEREFORE, Plaintiff, KAREN HAITZ, demands judgment for damages against Defendant, GEICO GENERAL INSURANCE COMPANY, for applicable UM insurance benefits, costs of this action, prejudgment interest and attorney's fees as may be applicable,

postjudgment interest and trial by jury.

**COUNT IX**
**(DECLARATORY JUDGMENT PER F.S. 86 AS TO PRIORITY OF UNINSURED MOTORISTS COVERAGES BETWEEN GEICO AND STARR INDEMNITY)**

80. Plaintiffs J. HAITZ, Z. HAITZ, C. HAITZ, and K. HAITZ reallege paragraphs 1 through 10 as though fully set forth herein.

81. This is an action for equitable relief and declaratory judgment.

82. On January 16, 2017, defendant ANASTASIA WAGNER (WAGNER), was operating a motor vehicle at or near the intersection of MacDill Avenue and Parkland Boulevard, in Hillsborough County, Florida.

83. On that date, WAGNER, negligently operated or maintained the motor vehicle so that it collided with the motor vehicle in which Plaintiffs J. HAITZ was driving and Z. HAITZ, and C. HAITZ were passengers. Plaintiffs were injured and/or incurred damages as a result of the accident.

84. At the time of the collision of January 16, 2017, the Defendant, GEICO, insured the Plaintiffs with a policy of stacked uninsured/underinsured motor vehicle insurance (UM Insurance). See the Insurance Declaration Page and Insurance Policy attached as Exhibit "B"

85. Pursuant to the terms of the above described policy for UM Insurance, Defendant, GEICO agreed to pay all or any part of damages for bodily injury to Plaintiffs as a result of the subject collision, which Plaintiffs cannot otherwise collect because the person responsible, ANASTASIA WAGNER (WAGNER), is uninsured or underinsured.

86. Plaintiffs are entitled to recover UM insurance benefits from Defendant, GEICO, for their injuries and damages from the subject collision because the value of their claims exceed the available bodily injury insurance limits of the tortfeasor, WAGNER.

87. Plaintiffs have made demands for UM benefits under their policy of insurance with GEICO and GEICO claims its UM coverages are "excess" to the UM coverages afforded by defendant STARR INDEMNITY. See Exhibit "B".

88. GEICO's policy of insurance states if the insured has other insurance against a loss covered by the uninsured motorists provision of GEICO's policy, GEICO will not be liable for more than their pro-rata share of the total coverage available.

89. The Plaintiffs are in doubt as to their rights under GEICO's contract of insurance and request this court declare their rights to the UM coverages provided by GEICO and claimed herein pursuant to Chapter 86 of the Florida Statutes.

90. That as a direct and proximate result of the defendant GEICO's denial of pro-rata UM coverages, the plaintiffs retained the undersigned attorney and owe him a reasonable fee for his services, pursuant to Florida Statutes 627.428 and 627.727.

WHEREFORE, the Plaintiffs demand Declaratory Judgment finding the GEICO Uninsured/Underinsured Motorists Coverages pro rates with other available insurance, plus a reasonable attorney's fee, costs of this action, prejudgment interest, and further relief as the court deems just and appropriate.

S/ E. Christopher Abdoney

E. CHRISTOPHER ABDONEY, ESQUIRE
FLORIDA BAR NO.: 054402
730 South Sterling Avenue, Suite 108
Tampa, Florida 33609
(813) 223-5594
Attorney for Plaintiff
Cabdoney@aol.com